## UNITED STATES, Appellee

v.

## CASIMIRO P. FLORES, Private, U. S. Army, Appellant

### 1 USCMA 42, 1 CMR 42

### No. 75

### Decided November 14, 1951

LT. COL. James C. Hamilton, USA, and CAPT. Gorden L. Becker, USA, for Appellant.

MAJ. Augustus A. Marchetti, USA, and 1ST. LT. Eugene L. Grimm, USA, for Appellee.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

The petitioner was tried by general court-martial, found guilty of being absent without leave in violation of Article of War 61, and sentenced to a dishonorable discharge, total forfeitures, and confinement for three years. The convening authority approved the conviction and sentence and the board of review affirmed. The petitioner then, pursuant to Article 67 (b) (3), Uniform Code of Military Justice (Act of May 5, 1950, 64 Stat 108; 50 USC §§ 551-736, petitioned this court for a grant of review of the decision of the board, contending that extract copies of morning reports were improperly received in evidence, and that the only other evidence of his absence was testimony based upon hearsay.

The petition, together with three others filed at substantially the same time and involving the same issue, was granted by us in order that we might rule upon the question of the competency of morning report extracts as evidence of absence where the reports had been signed by some one other than the commanding officer of the reporting unit.

The question was considered by this court and answered in our opinion in United States v. Masusock (No. 15), 1 USCMA 32, 1 CMR 32, decided November 9, 1951. Our decision in that case is controlling in the instant case, and we therefore affirm the decision of the board of review.

We have noted an additional contention by petitioner that certain testimony given at the trial concerning his absence was based upon hearsay. Assuming, without deciding, that it was hearsay and inadmissible, in view of our decision that the morning report extracts were competent evidence of such absence, there was ample evidence to support the conviction and the admission of the questioned testimony was not prejudicial.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.